705 F.2d 775
 Fed. Sec. L. Rep. P 99,219
Ralph E. HUDDLESTON and Chester E. Bradley, Jr.,
Individually and as designated Class
Representatives, Plaintiffs-Appellees,
v.
HERMAN & MACLEAN, Etc., et al., Defendants,
Herman & Maclean, Certified Public Accountants, a
partnership, Lawrence A. LoPatin and Leslie Share,
Defendants-Appellants.
 No. 79-3712.
 United States Court of Appeals,
Fifth Circuit.
 May 26, 1983.
 
 Jackson, Walker, Winstead, Cantwell & Miller, James L. Truitt, Jack Pew, Jr., Dallas, Tex., for defendants-appellants.
 Stephen Wasinger, Detroit, Mich., for Lawrence A. LoPatin and Leslie share.
 Robert H. Jaffe, Springfield, N.J., Myer Feldman, Robert L. Deitz, Washington, D.C., David S. Komiss, Houston, Tex., for plaintiffs-appellees.
 Richard L. Symonds, Asst. Atty. Gen., Austin, Tex., amicus curiae.
 Ralph C. Ferrara, Gen. Counsel, Anne H. Sullivan, Atty., Jacob H. Stillman, Associate Gen. Counsel, Elisse B. Walter, Richard A. Kirby, S.E.C., Washington, D.C., amicus curiae for plaintiffs-appellees.
 Appeals from the United States District Court for the Northern District of Texas.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before WISDOM, RUBIN, and JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellees Huddleston and Bradley contend that a retrial of these cases is not necessary, that we should hold harmless the errors concerning admissibility of evidence identified in our prior opinion, 640 F.2d 534 (5th Cir.1981), and that our opinion is not reconcilable with the court's en banc opinion in Shores v. Sklar, 647 F.2d 462 (5th Cir.1981), cert. denied, --- U.S. ----, 103 S.Ct. 722, 74 L.Ed.2d 949 (1983). We have concluded that we can neither hold the evidentiary errors harmless nor hold retrial unnecessary. Our en banc opinion in Shores v. Sklar reversed the district court's dismissal of the case based only on the pleadings. In this case no trier of fact has determined whether the facts warrant judgment for the plaintiffs under the principles set forth in Shores v. Sklar.
 
 
 2
 Accordingly, this case is remanded for further proceedings in conformity with the opinion of the United States Supreme Court, --- U.S. ----, 103 S.Ct. 683, 74 L.Ed.2d 548, and, except as to the extent reversed by that Court, in conformity with our prior opinion.
 
 
 3
 Costs in connection with briefing the question of the action to be taken by this court on remand from the Supreme Court are to be paid by Ralph E. Huddleston, et al.